### ROBERT FLUKER v. BENAJAH DOUGHTY.

A plat of survey made by a deputy surveyor under the Spanish Government, with his certificate that the survey was made by himself agreeably to the order of the Surveyor General of the two Floridas, is not evidence of a complete Spanish grant, but only of an inchoate grant within the discretion of Congress after the acquisition of title by the United States, and subject to be entirely rejected.

Such an incomplete grant is inferior to a title derived from the Government of the United States by virtue of a legislative act of confirmation.

Until the patent issues, an inchoate grant remains within the discretion of the grantor.

When there is a conflict between the certificate of confirmation by the United States of an inchoate Spanish grant and the orders of survey, the Act of confirmation must prevail and determine the nature and extent of the rights of the original claimant.

APPEAL from the District Court of the Parish of East Feliciana, *Haralson, J.*, presiding. *Muse & Hardee*, for plaintiff and appellant. *J. B. & J. J. Smith* and *W. J. Kernan*, for defendant.

LAND, J. This is a petitory action, in which the plaintiff claims to be the owner of one thousand acres of land, more or less, situated in the angle or fork formed by the confluence, or junction of the Amite River and Beaver Creek, in the Parish of East Feliciana.

The plaintiff alleges that the land in controversy had been granted or donated by the Spanish Government to one *Alexander Bookter*, and had been separated from the public domain, by a survey under Spanish authority, prior to the acquisition of title by the United States Government, and that after the treaty of cession, the claim of *Bookter* was confirmed by an Act of Congress, and that he plaintiff acquired title to the land in dispute, by purchase from *Bookter*, the original claimant. He further alleges that the defendant claiming to be the owner of some two hundred acres of the said tract of land, had entered upon the same, and committed acts of trespass to his damage, at least, of three hundred and fifty dollars.

The defendant in answer to the plaintiff's petition, pleads the general denial, the prescription of ten, twenty and thirty years, and avers title in himself from the General Government, by virtue of a confirmation to one *Coonrod Andrews*, and of a conveyance from him.

The only evidence offered by the plaintiff to establish the alleged Spanish grant or donation consists of a plat of survey by a deputy surveyor under the Spanish Government, who certified that the survey was made by himself on the 19th of February, 1799, agreeably to the order of the Surveyor General of the two Floridas, and that the land surveyed is justly represented in the plat of survey.

The land claimed by the plaintiff is embraced within the boundaries of this Spanish survey, as shown by the plat; and if the plaintiff be entitled as he contends to all the land embraced within the survey, *which is some two thousand acres*, then he has a right to recover in this suit, and the judgment of the lower court, which is against his pretentions, must be reversed.

In order to make out a legal title to all the land within the lines of Spanish survey, the plaintiff was bound to show a perfect grant derived from the Spanish Government before the acquisition of title by the United States; or the plaintiff

was bound to show a confirmation by Act of Congress, which gave to *Bookter* the whole of said land.

As we have said, the only evidence of a Spanish grant offered by the plaintiff was the plat of survey above mentioned; and if it be conceded that this plat is evidence of a prior order of survey, still the survey, in pursuance of the order, would not be evidence of a complete Spanish grant, but only of an inchoate grant within the discretion of Congress after the acquisition of title by the United States, as it had been before within the discretion of the Spanish Government, and as such subject to be entirely rejected.

In the case of *Pontalba* v. *Copland*, 3 An. 88; this court said : The Supreme Court of Louisiana were of opinion that the title passed under an inchoate grant. The Supreme Court of the United States hold that it remained in the sovereign until a complete grant issued ; and it is undeniable that the legislation of Congress, assumes that construction. We cannot differ from that high tribunal on questions involving the alienation of the public domain, and the interpretation of treaties and Acts of Congress. And afterwards in the cases of *Lobdell* v. *Clark*, 4 An. 99, and of *Pervis* v. *Harmanson*, ibid 422, in which the evidence of the plaintiff's title or grant consisted of an order of survey, and a survey in pursuance of the order, this court acted upon the doctrine announced in the case of *Pontalba* v. *Copland*, and held that the evidence only established an incomplete grant, which was inferior to a title derived from the General Government, by virtue of a Legislative Act of confirmation. And in the case of *Lobdell* v. *Clark*, the court proceeded to say : It is further alleged that the right of the defendant to the land is secured by the treaty of cession, and could not have been taken away by an Act of Congress. This argument takes for granted that the title passed from the sovereign under an order of survey, even when there was no actual settlement and cultivation. But it has been settled by the highest judicial authority that such was not the effect of inchoate grants ; that until the patent issued they remained within the discretion of the grantor ; and that they were not changed in their character by the treaty by which Louisiana was acquired, that this treaty imposed upon the Government of the United States only a political obligation to perfect them, and that this obligation, sacred as it may be, cannot be enforced by any action of the judicial department of the Government.

It is clear upon the doctrine of these cases, that the plat of survey was only evidence of an inchoate grant, and did not pass the legal title to the whole or any part of the land embraced within the survey. The claim of *Bookter.* was, however, confirmed by the Act of Congress of the 3rd March, 1819, and it remains to be considered whether this act of confirmation passed the title to all the land within the survey, that is to say, *to some two thousand acres*, or only to *one thousand acres of the same.*

In support of his claim to all the land in the survey, the plaintiff offered in evidence a certificate of confirmation signed by the Register and Receiver of the Land Office, in pursuance of the 12th Section of the said Act of Congress of the 3rd of March, 1819, and also two orders of survey, the first issued by the Register and Receiver of the Land Office at St. Helena of date the 29th September, 1823, and the second order issued by the Register and Receiver of the Land Office at Greensburg of date the 12th of April, 1848.

The certificate of confirmation declares simply that the one thousand acres of land confirmed to *Bookter*, is claimed under the Spanish survey made on the 19th

of February, 1799. The two orders of survey directed the old lines of the Spanish survey to be re-established as the boundaries of the *Bookter* claim, which would, of course, if legal and executed, give to the plaintiff all the land within the original survey, including the land now in dispute.

This certificate of confirmation, and these orders of survey, considered as evidence of title, are inferior and subordinate to the act of confirmation, and so far as there is any conflict between them, the act of confirmation must prevail, and determine the nature and extent of the rights of the original claimant. The plaintiff's right tested by this rule, cannot extend to any greater quantity of land in the Spanish survey, than one thousand acres, because the act of confirmation, *which was the only legal title* of *Bookter*, to any part of the land, limited his claim to that quantity in pursuance of the report of the commissioner who recommended it to Congress for confirmation. And besides, his claim was reported as one of those founded on an order of survey, without "*cultivation and inhabitation,*" and the Act itself declares that such claims are confirmed *as donations*, and shall not embrace, in favor of any one person more than one thousand two hundred and eighty acres of land. So that, under the act of confirmation, the claim of *Bookter* could not, under any circumstances, have covered the two thousand acres of land contained in the Spanish survey, and the plaintiff's claim, by assignment from him, can have no greater extent than was given to it, by the report of the commissioner, and the act of confirmation.

Neither of the two orders of survey offered in evidence by the plaintiff was ever executed, but the claim has been surveyed in pursuance of the act of confirmation, and does not include any of the land in contestation in this suit. The plaintiff, consequently, has failed to show any title to the *locus in quo*, and the judgment of the lower court must be affirmed.

For the reasons assigned, it is ordered, adjudged and decreed, that the judgment be affirmed with costs.

MERRICK, C. J., having been consulted on the title in controversy, recused himself.